**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JULIUS PAULO, Executor of the estate of RONALD SIPES,**<br><br>**Plaintiff,**<br>**v.**<br><br>**ACCORDIA LIFE AND ANNUITY COMPANY,**<br><br>**Defendant,**<br>**v.**<br><br>**DALLAS CHAPMAN AND SUMMER SIPES,**<br><br>**Third-Party Defendants.** | **CIVIL ACTION**<br><br>**No. 26-1031-KHV** |

**MEMORANDUM AND ORDER**

On January 8, 2026, Julius Paulo, Executor of the Estate of Ronald Sipes, filed suit against Accordia Life and Annuity Company alleging breach of a Kansas insurance contract. Notice Of Removal (Doc. #1, Ex. A). In its third-party complaint, Accordia seeks two declaratory judgments and a constructive trust or equitable lien against Summer Sipes and Dallas Chapman. Defendant Accordia Life and Annuity Company's Amended Answer To Petition And Third-Party Claim For Declaratory Relief (Doc. #42) filed July 2, 2026. This matter is before the Court on Third-Party Defendants' Motion To Dismiss Accordia's Third-Party Claim For Declaratory Relief And Memorandum In Support (Doc. #45) filed July 9, 2026. For reasons stated below, the Court overrules the motion.

**Legal Standard**

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an

entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—not merely conceivable—on its face. Id. at 679–80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679. The Court need not accept as true those allegations which state only legal conclusions. Id.

Plaintiff bears the burden of framing its claims with enough factual matter to suggest that it is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. See Twombly, 550 U.S. at 556. A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand. Iqbal, 556 U.S. at 678. The degree of specificity necessary to establish plausibility and fair notice depends on context because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008) (citing Phillips v. Allegheny, 515 F.3d 224, 231–32 (3d Cir. 2008)). At the pleading stage, dismissal based on an affirmative defense is only proper when the complaint alone admits all elements of the defense. Fernandez v. Clean House, LLC, 883 F.3d 1296, 1299 (10th Cir. 2018).

## Factual Background

Accordia alleges as follows:

Around January 13, 2011, Ronald Sipes applied for a life insurance policy with a predecessor company of Accordia. The application listed his wife as the primary beneficiary and his daughters, Summer Sipes and Dallas Chapman, as contingent beneficiaries with equal interests. Accordia issued the insurance policy with a face value of $610,000.

Around January 4, 2021, Accordia received a beneficiary change request from Mr. Sipes to remove his wife as primary beneficiary and elevate his daughters to primary beneficiaries. Accordia accepted the request.

Around July 11, 2024, Accordia received another beneficiary change request to remove the daughters as primary beneficiaries and list Corazon Soleto Paulo as the sole primary beneficiary. Accordia rejected the request because the signature on the request did not match the signature on file for Mr. Sipes. Along with the rejection, Accordia sent a new beneficiary change form and requested a notarized signature from Mr. Sipes.

Around September 3, 2024, Accordia received a third beneficiary change request, again listing Corazon Soleto Paulo as the sole primary beneficiary. The request included a stand-alone document with Mr. Sipes's signature and a notary seal. On September 6, 2024, Accordia rejected the request because Mr. Sipes had not provided a notarized signature on the form. After that date, Accordia received no further communication or change requests from Mr. Sipes.

Mr. Sipes died on August 8, 2025. Accordia thereafter received claim forms from Summer Sipes, Dallas Chapman and Corazon Soleto Paulo. Because plaintiff still listed the daughters as primary beneficiaries, Accordia paid them the full amount of the death benefits.

Plaintiff, Executor of Mr. Sipes's estate,[1] sued Accordia claiming that Ms. Paulo is entitled to the full amount of the life insurance proceeds. Accordia filed a third-party complaint against Summer Sipes and Dallas Chapman and seeks a declaratory judgment as to who is entitled to the proceeds. Should the Court find that Ms. Paulo prevails, Accordia seeks a declaratory judgment that the daughters are (1) liable to indemnify or reimburse Accordia or (2) liable to directly pay the disbursed proceeds to Ms. Paulo. Accordia also seeks an equitable lien and/or constructive

[1] The record does not clarify the relationship between Julius Paulo and Ms. Paulo.

trust on the proceeds during the pendency of this lawsuit.

## Analysis

Plaintiff alleges that Accordia breached its insurance contract by failing to change the beneficiary on Mr. Sipes's life insurance policy to Ms. Paulo. He seeks a declaratory judgment that Accordia lacks just cause or excuse for failing to change the beneficiary and that proceeds must be paid to Ms. Paulo. Accordia denies liability to plaintiff and asserts a third-party claim for declaratory relief against Summer Sipes and Dallas Chapman. Specifically, Accordia asks the Court to adjudicate whether they are entitled to the proceeds and if not, order them to pay the proceeds to Ms. Paulo either directly or through reimbursement to Accordia.

### I. Unjust Enrichment

In their motion to dismiss, third-party defendants argue that Accordia has failed to state a claim for unjust enrichment. Unjust enrichment requires that (1) the plaintiff confers a benefit to defendant, (2) defendant retains such benefit and (3) defendant's retention of such benefit is unjust. Nelson v. Nelson, 288 Kan. 570, 580, 205 P.3d 715, 724 (2009). Accordia alleges that it has conferred a benefit on third-party defendants. Defendant Accordia Life And Annuity Company's Amended Answer To Petition And Third-Party Claim For Declaratory Relief (Doc. #42) at 8. Accordia has alleged—and third-party defendants do not deny—that they have retained the policy proceeds. Id. Assuming that Accordia's allegations are true, it has sufficiently stated a claim for unjust enrichment. Accordia disbursed over $610,000 to third-party defendants. Id. Should Ms. Paulo be declared the proper beneficiary, Accordia would be required to pay the proceeds a second time, and third-party defendants would retain a significant windfall. Therefore, at this stage and for purposes of this order, Accordia has sufficiently alleged unjust enrichment.

## II. The Voluntary Payment Rule

Third-party defendants seek to dismiss Accordia's third-party complaint under the voluntary payment rule. A voluntary payment is a payment upon an unenforceable demand by a person without fraud, mistake of fact or duress. In re Lisa, Inc., 224 B.R. 173, 179 (D. Kan. 1998); Clark v. Chipman, 212 Kan. 259, 264, 510 P.2d 1257, 1263 (1973). Voluntariness depends on the facts of the case. Midland Pizza, LLC v. Sw. Bell Tel. Co., No. 10-2219-CM-GLR, 2010 WL 4622191, at *4 (D. Kan. Nov. 5, 2010). The voluntary payment rule is an affirmative defense, id., which bars recovery of voluntary payments. Lisa, 224 B.R. at 179 (refusing to apply voluntary payment rule where non-payment could have subjected payor to a breach of contract claim).

Here, Accordia alleges that it paid the daughters because they were listed as beneficiaries. If it failed to pay them, the daughters could have sued Accordia for breach of contract. Accepting these facts as true, Accordia's payments were not voluntary and the voluntary payment rule does not bar recovery. Furthermore, the voluntary payment rule is an affirmative defense and third-party defendants have not shown that Accordia's third party complaint warrants dismissal on that basis.

## III. Constructive Lien

Third-party defendants argue that a constructive trust is unavailable here. The Court disagrees. A constructive trust is a remedy for unjust enrichment. Nelson, 288 Kan. at 579, 205 P.3d at 723. Although earlier cases held that actual or constructive fraud were a required element for constructive trust, the Kansas Supreme Court has now held otherwise. Nelson, 288 Kan. at 589–90, 205 P.3d at 729 (actual or constructive fraud need not be established

for constructive trust because it is contrary to widely accepted law on remedy and not aligned with Kansas law). As discussed above, Accordia has stated a claim for unjust enrichment. Therefore, Accordia's request for imposition of a constructive trust will not be dismissed.

**IT IS THEREFORE ORDERED** that Third-Party Defendants' Motion To Dismiss Accordia's Third-Party Claim For Declaratory Relief And Memorandum In Support (Doc. #45), filed July 09, 2026, is **OVERRULED**.

Dated this 1st day of October, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge